Being unable to agree with the majority, I respectfully dissent.
Upon a review of the record and of the factors in State v. Unger
(1981), 67 Ohio St.2d 65, I would conclude that the trial court abused its discretion by affirming the board's order. Appellant requested a continuance of the July 31, 1998 hearing until November 6, 1998, so that he could have additional time to consult with his attorney and prepare a defense. While this request was for over three months later than the scheduled hearing, appellant's counsel explained that appellant was virtually unable to assist in his defense due to his physical limitations from recent back surgery. Although appellant had requested and was granted a continuance due to the death of his counsel's father, the hearing examiner only continued the hearing for two weeks. The initial request for a second continuance came before any witnesses had traveled from Youngstown to Columbus for the hearing.
Additionally, appellant also requested that the hearing examiner merely hold the record open to allow him to present testimony, which would have only inconvenienced the assistant attorney general and the hearing examiner, but the hearing examiner denied this request. While it appears that the hearing examiner believed that appellant's request was merely for delay, he did argue that they lacked an adequate time to prepare given the death of his counsel's father in June and his continuing back problems. Appellant made appellee aware of his back problems in his May 29, 1998 letter requesting a hearing and, according to appellant's counsel, he informed the assistant attorney general of these problems at a July 17, 1998 meeting. The only explanation offered by the hearing examiner for the denial of the continuance was that appellant should have known at the time of the first continuance that he would need extra time.
Finally, as appellant's counsel asserted at the time, there was no threat to the public because appellant had already voluntarily surrendered his medical license.
Based upon these facts, I would conclude that the hearing examiner's denial of a continuance was arbitrary and without a reasonable basis and, therefore, an abuse of discretion. Consequently, I would sustain appellant's first assignment of error and remand this matter to the medical board for a new hearing to allow appellant to present a reasonable defense, cross-examine witnesses, and present any evidence in defense or mitigation.
With regard to appellant's second assignment of error, I would find it moot given that I would reverse the order of the medical board and remand for a new hearing.